COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2019AP990**
**2019AP991**

Cir. Ct. Nos. 2017TP57
2017TP58

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

No. 2019AP990

IN RE THE TERMINATION OF PARENTAL RIGHTS TO N. P.,
A PERSON UNDER THE AGE OF 18:

OUTAGAMIE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

R. P.,

RESPONDENT-APPELLANT.
_____

No. 2019AP991

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. B.,
A PERSON UNDER THE AGE OF 18:

OUTAGAMIE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

R. P.,

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Outagamie County: CARRIE A. SCHNEIDER, Judge. *Affirmed*.

¶1    STARK, P.J.[1]    R.P. appeals orders terminating her parental rights to her daughters, Amanda and Nicole.[2]    R.P. argues the circuit court erroneously exercised its discretion in concluding that terminating her parental rights was in the children's best interests.  We affirm.[3]

## BACKGROUND

¶2    In fall 2016, Amanda and Nicole were found children in continuing need of protection or services and were placed in out-of-home care.  In December 2017, the Outagamie County Department of Health and Human Services (the

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] For ease of reading, we refer to R.P.'s daughters using pseudonyms, rather than their initials.

[3] Cases appealed under WIS. STAT. RULE 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply …."  *See* RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

2

Department) filed separate termination of parental rights (TPR) petitions, each alleging the same three grounds to terminate R.P.'s parental rights to her children: (1) abandonment; (2) continuing need of protection or services; and (3) failure to assume parental responsibility. *See* WIS. STAT. § 48.415(1)(a)2., (2), (6). R.P., represented by counsel, contested the TPR petitions and requested a jury trial.[4] Amanda's and Nicole's cases were consolidated for trial, and in September 2018 a jury found that all three grounds existed to terminate R.P.'s parental rights to each child.

¶3 The circuit court held a dispositional hearing in December 2018. An Outagamie County social worker assigned to R.P. was the sole witness to testify. After hearing arguments from the parties, the court determined that terminating R.P.'s parental rights to Amanda and Nicole was in the children's best interests. R.P. now appeals.

## DISCUSSION

¶4 The sole issue R.P. raises on appeal is whether the circuit court erroneously exercised its discretion in determining that termination of R.P.'s parental rights to Amanda and Nicole was in their best interests. *See **Darryl T.-H. v. Margaret H.**,* 2000 WI 42, ¶32, 234 Wis. 2d 606, 610 N.W.2d 475 ("An appellate court will sustain the circuit court's ultimate determination in a proceeding to terminate parental rights if there is a proper exercise of discretion."). When reviewing a circuit court's discretionary decision, we examine the court's on-the-record explanation of the reasons underlying its decision. ***Olivarez v.***

---

[4] The Department also petitioned to terminate Amanda's and Nicole's respective fathers' parental rights. The termination of the fathers' rights are not at issue in this appeal.

***Unitrin Prop. & Cas. Ins. Co.***, 2006 WI App 189, ¶17, 296 Wis. 2d 337, 723 N.W.2d 131. The court's reasons, however, "need not be exhaustive." ***Id.*** We will not disturb a court's discretionary decision if we can glean from the court's explanation that it undertook a reasonable inquiry and examination of the facts, and that the record shows a reasonable basis for its determination. ***Id.*** We will search the record for reasons to sustain the court's exercise of discretion. ***Id.***

¶5 A circuit court's decision to terminate an individual's parental rights turns on the child's best interests. *See* WIS. STAT. § 48.426(2). When assessing whether termination is in the child's best interests, the court "should welcome" any relevant evidence, ***Sheboygan Cty. DHHS v. Julie A.B.***, 2002 WI 95, ¶¶28-29, 255 Wis. 2d 170, 648 N.W.2d. 402, but it must consider the following six statutory factors:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3).

¶6     We conclude the circuit court properly exercised its discretion when it terminated R.P.'s parental rights to Amanda and Nicole. As required under WIS. STAT. § 48.426(2), the court explained that Amanda's and Nicole's best interests governed its decision. The court noted that it had reviewed the "volumes of materials from the original filings, from the trial, [and] the notes" the court had taken throughout the proceedings. The court further explained that it thought the children's social histories, medical records, "statements and information that [were] presented related to the need for the TPR, [and] statements of any other appropriate service agency providers" were also relevant to consider. The court then expressly mentioned each of the six best interests factors and stated that it considered each of them in terminating R.P.'s parental rights.

¶7     Although R.P. concedes that the circuit court mentioned all of the best interest factors, she contends the court "did not elaborate as to [the] weight and consideration" it gave to each of them, as is required by *Darryl T.-H.* However, R.P.'s reliance on *Darryl T.-H.* is misplaced. In that case, our supreme court determined the circuit court erroneously exercised its discretion because it failed to apply the proper legal standard. *Darryl T.-H.*, 234 Wis. 2d 606, ¶36. The children's best interests did not guide the circuit court's decision, and it considered only one of the best interests factors in deciding to dismiss the TPR petition. *Id.* The supreme court determined that remanding the case back to the circuit court was appropriate because the circuit court's findings and conclusions were "inadequate" and "sparse." *Id.*, ¶38.

¶8     *Darryl T.-H.* is inapposite because the circuit court's decision here was guided by Amanda's and Nicole's best interests. Additionally, the court's findings and conclusions are far from the "sparse" findings and conclusions made in *Darryl T.-H.* The record demonstrates that the court specifically considered

5

and adequately weighed each of the best interests factors in reaching its decision and appropriately elaborated on the factors it found most relevant in determining the best interests of the children.

¶9     The circuit court expressly considered and weighed the first factor, recounting the social worker's conclusion that the children were likely to be adopted by their current placement providers.  As to the second factor, the court specifically stated that it considered the ages and health of the children in reaching its decision.  The social worker's testimony indicated that Amanda was seven months old at the time she was removed from R.P.'s home and almost three years old at the time of the dispositional hearing.  Nicole was just under three years old when she was removed from R.P.'s care and five years old at the time of the hearing.  Both children were in good health.  The court further noted that while the children were too young to express their own wishes, they were "thriving" in their current placements (which we observe also relates to the fourth best interests factor).

¶10     Regarding the third factor concerning the nature of the children's relationships with R.P. and whether it would be harmful to sever those relationships, the circuit court noted "a number of jail phone calls" between R.P. and one of the children's fathers in which R.P. referenced the lack of her relationships with both children.  The court found these phone calls informative, explaining the jail calls were "a very unique way [to] get a glimpse of how you might say things or what might be discussed when you might have thought nobody else would ever listen or when you thought nobody would hear things."  In addition, the social worker testified that neither child had a substantial relationship with R.P. and it would not be harmful to sever those relationships.

6

¶11 In further addressing the third factor, the circuit court considered whether there was "some other type of opportunity where the girls could be placed in the same home." The court weighed the evidence and concluded that "the bonds and the strength of what they have where they currently exist far exceed trying to remove them and find one home where they both can be together." The court noted that the children liked where they currently go to school and that Nicole's placement provider's son "has stepped up to be a big brother in probably a way he never expected to do, but he's done that."

¶12 Regarding the fifth factor, the social worker testified that by the time of the hearing, both children had been removed from R.P.'s home for at least two years. The circuit court specifically noted in considering the fifth and sixth factors that there had been "some prospective placement providers who have spent a long period of time with the girls who, for all intents and purposes, the girls know as Mom and Dad."

¶13 In all, the record demonstrates that the circuit court did not erroneously exercise its discretion in concluding that the termination of R.P.'s parental rights was in the children's best interests. The record reflects that the court examined the relevant facts, applied a proper standard of law, adequately considered and gave appropriate weight to each statutory factor, and reached a reasonable conclusion using a demonstrated rational process. *See Olivarez*, 296 Wis. 2d 337, ¶17.

¶14 To the extent R.P. argues that the circuit court reached an incorrect result in concluding that the termination of her parental rights was in the children's best interests, her argument is undeveloped. Other than arguing that the court failed to expressly weigh each best interests factor on the record, R.P. does not

specify a way in which the court's decision-making process was inadequate, nor does she question the sufficiency of the evidence to support the court's conclusion. Instead, R.P. essentially asks us to disregard the court's assessment of the best interests factors and substitute our own de novo assessment. This approach would be contrary to our standard for reviewing the court's discretionary decision, which is highly deferential. *Id.*, ¶16. We defer to the court's conclusions regarding what is in a child's best interests because the court has firsthand observations and experience with the persons involved. *See David S. v. Laura S.*, 179 Wis. 2d 114, 150, 507 N.W.2d 94 (1993). The court here examined the facts and applied the proper standard of law to reach a reasonable conclusion. As a result, we will not disturb its decision. *See id.*

¶15 Finally, R.P. complains that the circuit court did not consider the option of the children's placement providers having guardianship over the children instead of terminating her parental rights. However, R.P. provided no evidence at the dispositional hearing to support her assertion that guardianship was in Amanda's and Nicole's best interests.

¶16 To the contrary, when we search the record for reasons to uphold the court's decision, *Olivarez*, 296 Wis. 2d 337, ¶17, we conclude the record does not support a finding that guardianship would have been appropriate. The social worker testified at length at the dispositional hearing as to why adoption, rather than guardianship, was recommended as the permanency goal for the children, specifically opining that both children would be able to enter into a more stable and permanent relationship if R.P.'s rights were terminated. Further, the children's guardian ad litem opined that TPR was preferable to a guardianship, stating, "The time for a guardianship has long since passed as a consideration in this case or a viable consideration, and it's clearly in the best interest of both of

8

these girls that this termination of parental rights proceeding wrap up."[5]  In all, there is sufficient evidence in the record to support a conclusion that the termination of R.P.'s parental rights, rather than guardianship, was in the best interests of Amanda and Nicole.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] The children's guardian ad litem declined to file a brief on appeal, taking the position that "the best interest of the minor children [is] served by the argument as presented by [the Department]."